CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 21 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JOHN R. WILLIAMS, | CASE NO. 4:05CV00013 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's October 29, 2002 claim for a period of disability, disability insurance and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(c), the parties having consented to the dispositive jurisdiction of a United States Magistrate Judge. The question presented is whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, an Order will enter REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final agency decision, an Administrative Law Judge (Law Judge) found that plaintiff, who was 47 years old with two years of college education studying hotel management and with past relevant work as a school custodian and restaurant dishwasher, met the special earnings requirements of the Act on October 1, 2002, the alleged date of disability onset, and that he continued to meet them through the date of his decision. (R. 23-24, 29.) The Law Judge further determined that plaintiff suffered non-severe controlled diabetes, a

non-severe mental impairment and severe osteoarthritis of the knee requiring two surgeries with a recommendation for bilateral total knee replacements, but that his severe impairment did not meet or equal any listed impairment. (R. 24-26, 29.) The Law Judge was of the view that plaintiff's impairment, and the effects thereof, prevented him from performing his heavy unskilled past relevant work as a custodian, but that plaintiff's allegations regarding his limitations were not totally credible in that the evidence did not support the plaintiff's claim he was experiencing sufficiently severe pain to disable him from all his past relevant work. (R. 27, 29.)[1] The Law Judge concluded that plaintiff was able to perform sedentary work which allowed frequent changes in leg position and avoidance of kneeling, crouching, use of foot controls, and exposure to heights and moving machinery. (R. 27, 29.) By application of Rule 201.21 of the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("grids"), "as a framework for decision-making," and by reference to a portion of the evidence adduced from a vocational expert (VE) based upon assumptions presented at the hearing, the Law Judge determined jobs were available to him and that he was not disabled under the Act. (R. 30, 487-488 .) The Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 9-11.) This action ensued.

Plaintiff first contends that the Law Judge's rejection of the limitations placed upon the plaintiff's work-related capacity by Gahear Hamlor, M.D., plaintiff's primary treating physician for in excess of 10 years, because of alleged inconsistencies in his opinions, is not supported by the substantial evidence or a correct application of the Commissioner's regulations. Specifically,

---

[1] A vocational expert testified that plaintiff's past relevant work as a dishwasher was unskilled, exertionally light work. (R. 486-487.)

2

plaintiff asserts that Hamlor has treated him for his knee impairment since 1999, and Hamlor's assessments first that plaintiff was able to sit for prolonged periods if afforded the opportunity to change leg position and, second that plaintiff needed complete freedom to rest without restriction, are not inconsistent in the entire context of this case as the Law Judge found them to be. In other words, plaintiff takes the position that a person may not be prevented from sitting for a substantial period but still need freedom to rest due to pain, and the Law Judge's finding to the contrary is both unsupported by the substantial evidence and erroneous. Plaintiff points to X-rays taken on March 17, 2004 which he contends clearly corroborate Dr. Hamlor's views about the limitations in that these X-rays show that plaintiff had experienced a significant worsening of the severe osteoarthritis of his left knee as well as early compartment arthritis of the right knee. (R. 430-432.)

Furthermore, plaintiff contends that the hearing record does not reflect that the Law Judge was having difficulty understanding Dr. Hamlor's views when the VE was examined about plaintiff's maladies and their effects. Relying on 20 C.F.R. §§ 404.1512 and 416.912 and Social Security Ruling (SSR) 99-2p, plaintiff asserts that, if there were questions concerning any inconsistency in the treating source evidence, the Law Judge had a duty to make supplemental inquiry to the physician in order to obtain a clarification of the facts by which the Law Judge measured the vocational testimony. This would be especially important where, as here, the plaintiff was not represented by an attorney at the hearing.

Finally, plaintiff contends that the Law Judge erred in discounting his credibility, especially in light of SSR 96-7p which, distilled, proscribes dismissal of a claimant's statements about the work-related effects of his/her impairments by employing conclusory statements, such as "the allegations" of the claimant "are not credible." Plaintiff believes that the objective medical

3

evidence in the record amply reflects that he suffers an impairment likely to produce the very symptoms reflected in his lay testimony, as well as the testimony of his treating sources. In other words, plaintiff offers that what amounts to the Law Judge's conclusory rejection of both Dr. Hamlor's and the plaintiff's evidence related to the effects of his knee impairment not only conflicts with the evidence in the record but also with the decisional authority in this Circuit relating to the assessment of subjective symptoms. *Craig v. Chater*, 76 F. 3d 585 (4th Cir. 1996).

The Commissioner has quite opposite views of the case. She believes that the objective medical evidence demonstrated that plaintiff suffered only moderate limitations on his ability to function. She points to the absence of severe tenderness, edema, cyanosis or clubbing, and the fact that plaintiff has undergone mostly conservative treatment as evidence that his limitations are not as severe as he claims. The Commissioner does not believe that her regulations mandate that she give controlling weight to a treating source when that physician's opinion is not well-supported by medically acceptable clinical and laboratory findings or is inconsistent with other evidence in the case. Specifically addressing Hamlor's opinion concerning plaintiff's difficulty in concentration, the Commissioner believes that the absence of notations in Hamlor's office records, coupled with the absence of any other evidence to this effect, provides a basis for the Law Judge to have found Hamlor's opinion less than credible. Moreover, the Commissioner argues that if plaintiff experienced the pain and lack of concentration as he claimed, then there would be evidence in the record that plaintiff would not be able to sleep at night, which is markedly absent.[2]

In addition, the Commissioner offers that the Law Judge's determination of plaintiff's

---

[2]The Commissioner also takes the position that there is no evidence that plaintiff suffers a behavioral impairment, notwithstanding taking medication for such. The court agrees.

4

residual functional capacity is supported by the substantial evidence. Essentially, the Law Judge found that plaintiff does experience some limitations as a result of his documented impairment, but that he does not suffer the effects he or his doctor report. The Commissioner points to plaintiff's own self-reporting statements, both in his filings with the administration and in his testimony at the hearing, about his daily activities as supporting the Law Judge's capacities determination. Those activities, in this case, included taking his children to the bus/to sports practices and his wife to work, going to the post office, shopping, attending church, visiting in-laws, taking out the trash, starting the lawn mower, and washing dishes once in a while as activities which belie his claimed limitations and support the Law Judge's findings.

Finally, the Commissioner believes that the vocational evidence supports the Law Judge's view that jobs are available to him. This, of course, assumes that the Law Judge's findings concerning plaintiff's residual functional capacity are supported by substantial evidence. Otherwise, the VE's testimony concerning the availability of jobs would be premised on inaccurate assumptions and, therefore, not relevant.

In the instant case, plaintiff carried his initial burden in the sequential evaluation process by demonstrating the presence of severe impairments which prevent his performing his past relevant work. 20 C.F.R. §§ 404.1520 and 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992).³ Thus, the burden shifted to the Commissioner to demonstrate that alternate gainful activity was available

---

³The Law Judge determined the nature of plaintiff's past relevant work both by reference to the VE's testimony and to the *Dictionary of Occupational Titles* (DOT). Under 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2), the Commissioner may rely on evidence concerning whether the claimant can perform his/her past work, "either as the claimant actually performed it or as generally performed in the national economy." Thus, use of either or both sources appears permissible.

5

to plaintiff, a burden which would require the presentation of vocational evidence if there were non-exertional limitations on plaintiff's ability to perform work-related functions. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). Moreover, for the testimony of a VE to be relevant, the VE is required to have considered all the evidence in the record material to plaintiff's limitations and their effects on his work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Otherwise, the VE's testimony cannot be considered sufficient to discharge the Commissioner's sequential burden, and the plaintiff would be entitled to an award of benefits based on the plaintiff's unrebutted *prima facie* case.

The Commissioner also is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545 and 416.927-945; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). Thus, a reviewing court should not second-guess the Commissioner's resolution of those matters, but must determine whether her decision in those respects is supported by substantial evidence in the record as a whole.

The court has two concerns. First, the Law Judge rather laconically dismissed the April 21, 2004 letter from Roger Oberts, Ph.D., a rehabilitation counselor with Disability Services, Inc., and the accompanying objective medical evidence submitted with the letter by plaintiff's lay representative with these words, "The Administrative Law Judge has considered the correspondence from claimant's representative (Exhibits 9B, B-6F, and B-7F). The position of the representative has been noted; however, the evaluation of the evidence remains as stated in the foregoing [portion of his decision]." (R. 27, 430 *et seq.*) The reason the undersigned sees this as

6

rather dismissive is that, according to Dr. Oberts, this more recent medical data revealed a "worsening of [plaintiff's] overall condition . . . Our position is that this individual would have a difficult time sustaining any type of full-time competitive work activity due to the fact he would need to have total freedom to get off his feet as needed throughout the day (with feet elevated) to offer partial relief of the pain symptomology." (R. 430.) Clearly, this is the kind of evidence, both as opinion evidence and as that produced by objective testing (X-rays), that is highly relevant and material to a determination of whether the range of sedentary work would be narrowed to the point of affecting the availability of jobs identified by the VE.

In addition, this evidence provides corroboration for both plaintiff's subjective complaints and for what the Law Judge saw as inconsistencies in Dr. Hamlor's views relating to plaintiff's limitations. (R. 27.) Thus, the undersigned is of the view that the Law Judge, and subsequently the Commissioner, failed to adequately adjudicate questions related to the nature, extent and duration of plaintiff's limitations in light of the X-ray and other medical evidence developed in 2004 and thereafter.

As alluded to above, a non-lawyer representative was present on behalf of the plaintiff at the hearing, though it appears she did not participate in the examination of the VE. The record reflects that the VE was provided hypotheticals by the Law Judge which afforded the VE only a narrow range of options in response. The VE was asked to opine on whether "there are jobs that [plaintiff] would be considered able to perform" based on hypothetical facts presented. (R. 487.)[4] It almost goes without saying that a VE is not an expert who is able to testify to the ability of a

---

[4] The undersigned notes that a VE is not called to render opinions about whether a claimant is able to perform any jobs but whether jobs are available to a person with the plaintiff's maladies and their work-related limitations. *Walker v. Bowen*, 889 F. 2d 47, 50 (4th Cir. 1989).

Case 4:05-cv-00013-BWC   Document 17   Filed 10/21/05   Page 7 of 9   Pageid#: 64

person to perform work within certain job categories, but rather whether jobs are available within listed categories to a person with the plaintiff's maladies and their work-related limitations. *Walker v. Bowen*, 889 F. 2d 47, 50 (4th Cir. 1989). The VE was asked to consider assumptions which included most, if not all, the limitations expressed both by Hamlor. (R. 488-489.) However, it does not appear that any questions were posed to the VE seeking an opinion concerning the availability of work to a person with any one or more alternate combinations of vocational limitations which were shown in the entire record. This is important because, irrespective of the Law Judge's rejection of some Dr. Hamlor's views about plaintiff's limitations and some of the plaintiff's testimony concerning his subjective complaints, the whole notion of the need for plaintiff to have the complete freedom to rest was not presented for consideration by the VE. (R. 27.)

The point here is that the undersigned does not believe the VE was afforded an opportunity to consider and opine on the question of whether jobs were available to a person who experienced the combination of limitations on any sedentary work which was disclosed in the medical evidence, as a whole, and which the Law Judge failed to adequately assess. Accordingly, there is good cause to remand the case for further proceedings so that the Commissioner can reevaluate both plaintiff's residual work-related capacity in light of the uncontroverted 2004 medical data revealing significant changes in plaintiff's knees and whether, if at all, sedentary work is available to a person with the limitations which may be found to exist after a further evaluation of the case.

An order will enter REMANDING the case to the Commissioner for further proceedings. The order will provide that, in the event the Commissioner is unable to grant benefits of the current record, she forthwith is to recommit the case to a Law Judge for further evidentiary proceedings in which both sides may introduce additional evidence concerning the nature, extent and duration of

8

any limitations on plaintiff's ability to perform sedentary work and where all such limitations may be considered by a VE in determining the availability of jobs for a person with such limitations.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
U. S. Magistrate Judge

10-21-05
Date

9

Case 4:05-cv-00013-BWC   Document 17   Filed 10/21/05   Page 9 of 9   Pageid#: 66